UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARK GRAHAM, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 2:21-cv-00258-JDL |
| ) | |
| CAPTAIN DAVID COSTELLO, ) | |
| et al., ) | |
| ) | |
| Defendants ) | |

### RECOMMENDED DECISION ON MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff, an inmate at the Cumberland County Jail, seeks immediate injunctive relief based on his alleged need for medical tests/treatment and the substandard conditions of his confinement in the Segregation Housing Unit at the Cumberland County Jail. (Motion, ECF No. 3.)

After review of Plaintiff's motion, I recommend the Court deny Plaintiff's request for a temporary restraining order.

### DISCUSSION

To obtain emergency injunctive relief, Plaintiff must show "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest." *Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 120 (1st Cir. 2003); *Hoffman v. Sec'y of State of Me.*, 574 F. Supp. 2d 179, 186 (D. Me. 2008).

1

Plaintiff's motion requests both a temporary restraining order and a preliminary injunction. Generally, the distinction between the two forms of injunctive relief is that the former can be awarded without notice to the other party and an opportunity to be heard. *Int'l Ass'n of Machinists & Aerospace Workers v. Verso Paper Corp.*, 80 F. Supp. 3d 247, 278 (D. Me. 2015). A temporary restraining order, therefore, is an even more exceptional remedy than a preliminary injunction, which is itself "an extraordinary and drastic remedy that is never awarded as of right." *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011) (quoting *Munaf v. Geren*, 553 U.S. 674, 689 – 90 (2008)). By rule, a temporary restraining order requires a finding that "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1).

For the Court to consider the merit of Plaintiff's request for a temporary restraining order, therefore, Plaintiff first must demonstrate that he would suffer an irreparable loss if Defendants were notified of his request and provided the opportunity to respond to the motion. Plaintiff has not attempted to argue that notice is not required, and his filing does not otherwise suggest that notice would not be appropriate. Notice would not compromise Plaintiff's ability to obtain the injunctive relief he seeks. In short, Plaintiff has failed to establish that immediate injunctive relief without notice is warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff's motion for a temporary restraining order. If the Court adopts the recommendation and if after review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court determines that Plaintiff has asserted an actionable claim against one or more of the defendants, the Court can address Plaintiff's request for a preliminary injunction.[1]

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 15th day of September, 2021.

---

[1] Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," Plaintiff's complaint is subject to a review "before docketing, if feasible or … as soon as practicable after docketing." 28 U.S.C. § 1915A(a).