UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MARK GRAHAM, | ) | |
| | ) | |
|    Plaintiff | ) | |
| v. | ) | 2:21-cv-00258-JDL |
| | ) | |
| CAPTAIN DAVID COSTELLO, | ) | |
| et al., | ) | |
| | ) | |
|    Defendants | ) | |

**RECOMMENDED DECISION ON SHOW CAUSE ORDER**

On September 9, 2021, Plaintiff filed a complaint and an application to proceed in forma pauperis. (ECF Nos. 1, 2.) Because Plaintiff had not provided the required financial information for the Court to rule on Plaintiff's application to proceed in forma pauperis, on September 13, 2021, the Court ordered Plaintiff to pay the filing fee or provide a new application on or before September 27, 2021. (ECF No. 4.) Through the order, the Court informed Plaintiff that the failure to comply with the order could result in the dismissal of the matter.

Because Plaintiff failed to comply with the order, on November 3, 2021, the Court issued an order to show cause. (ECF No. 19.) In the show cause order, the Court established November 17, 2021, as the date by which Plaintiff was to show cause in writing as to why he failed to comply with the Court's order requiring that he pay the filing fee or submit a properly completed application to proceed in forma pauperis on or before November 17, 2021. The Court again advised Plaintiff that if he failed to show cause, his complaint could be dismissed. Plaintiff responded to the show cause order on November 19, 2021 (ECF No.

20) but did not pay the filing fee or submit a properly completed application to proceed in forma pauperis.  In his response, Plaintiff reiterated some of the allegations included in his complaint and asserted that he requested but did not receive trust account information from the jail.

As explained below, based on Plaintiff's failure to comply with the Court's orders, and to pay the filing fee or file a completed application to proceed in forma pauperis, I recommend the Court dismiss the matter without prejudice unless within the time to file an objection to this recommended decision (fourteen days), Plaintiff pays the filing fee or submits a completed in forma pauperis application.

## DISCUSSION

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)."  *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)).  Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's orders.  Here, Plaintiff has failed (a) to comply with the Court's order that required Plaintiff to either pay the filing fee or submit a properly completed application to proceed in forma pauperis, or (b) to show cause for his failure to pay the filing fee or submit a properly completed application to proceed in forma pauperis.  Plaintiff thus has not only failed to comply with the Court's orders, but insofar as he has neither paid the filing fee nor submitted a complete application to proceed in forma pauperis, Plaintiff has

also failed to prosecute his claim.

Given Plaintiff's failure to comply with the Court's orders, dismissal is warranted. Because the complaint has not been served on Defendants, dismissal without prejudice is appropriate.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint without prejudice, unless within the time to file an objection to this recommended decision (fourteen days), Plaintiff pays the filing fee or submits a completed in forma pauperis application.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of November, 2021.